Law § 120.10 [1]) because there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but did not commit the greater offense *(see, People v Glover,* 57 NY2d 61, 63). "While the defendant is entitled to the most favorable view of the evidence *(People v Battle,* 22 NY2d 323), the only reasonable view of the evidence here is that the defendant intended to cause 'serious physical injury' to his victim. The type of weapon used, the manner in which it was used, the * * * proximity from which the shots were fired, and the location of the victim's bullet wound exclude ' "every possible hypothesis" ' but guilt of assault in the first degree *(People v Henderson,* 41 NY2d 233, 236)" *(People v Porter,* 69 AD2d 1007). (Appeal from Judgment of Erie County Court, Dillon, J.—Attempted Murder, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.

■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v GREAT BEND AGGREGATES, INC., Respondent. (Appeal No. 1.)— Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Attorney and Appraiser Fees.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.

■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v GREAT BEND AGGREGATES, INC., Respondent. (Appeal No. 2.)— Amended judgment reversed on the law without costs and motion for additional allowance denied. Memorandum: Petitioner condemned certain real property previously owned by respondent. The award made by Supreme Court was modified by this Court *(Niagara Mohawk Power Corp. v Great Bend Aggregates,* 167 AD2d 850), and respondent filed an amended judgment and order, together with a bill of costs. On December 7, 1990, petitioner forwarded a draft in full payment of the amended judgment. Respondent then delivered to petitioner's attorneys a satisfaction of judgment and motion papers seeking an additional allowance pursuant to EDPL 701. The satisfaction of judgment was filed on January 11, 1991. Supreme Court, by order dated February 1, 1991, explicitly held that it was not amending the previous judgment, but purported to grant a new judgment for additional costs based upon the motion. That was error.

A judgment is the determination of the rights of the parties in an action or special proceeding (CPLR 5011). Any award for an additional allowance, like claims for interest, disburse-